**Lucy CRAYCROFT et al., Plaintiffs in Error, v. Kate Lestor CRAWFORD et al., Defendants in Error. (Motion No. 7192. No. 809–4472.)**

(Commission of Appeals of Texas, Section A. Oct. 27, 1926.)

On Motion for Rehearing.
For former opinion, see 285 S. W. 275.

NICKELS, J. We have carefully considered all matters presented in the motion for rehearing filed by defendants in error in the cause, and, in our opinion, nothing is presented which discloses any material error.

In subdivision 6, p. 10, of our original opinion (285 S. W. 280), this statement is made:'

"It [i. e. the will] had no attestation and (in the probate) it was not proved otherwise than by identification of the handwriting."

We have determined that the reference to what was proved "in the probate" is without support in the record, and we desire to modify the opinion to the extent of omitting that reference. This error, however, seems to us to be immaterial.

We recommend that the motion for rehearing be overruled.

---

**ALLIANCE INSURANCE COMPANY, Plaintiff in Error, v. CONTINENTAL GIN COMPANY et al., Defendants in Error. (Motion No. 7277, No. 799–4459.)**

(Commission of Appeals of Texas, Section A. Oct. 27, 1926.)

On motion for rehearing.
For former opinion see 285 S. W. 257.

NICKELS, J. In our original opinion we recommended allowance of interest on the amounts of the judgment from October 21, 1920. Upon the facts and per the terms of the policies involved, the loss became payable March 5, 1921, and interest should be allowed from that date instead of from October 21, 1920. We recommend that the judgment heretofore entered in the cause be reformed in this particular.

Otherwise, the motion presents questions which were considered in our former examination of the record, and upon consideration thereof we recommend that the motion be overruled except for correction of the error above mentioned.